IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEMETRA STREET, | * | |
| PLAINTIFF, | * | |
| v. | * | Civil Action No. RDB-21-1970 |
| WYLIE FUNERAL HOME, P.A., *et al.*, | * | |
| | * | |
| DEFENDANTS. | | |
| * * * * * * * * * * * * * | | |

## MEMORANDUM OPINION

Plaintiff Demetra Street ("Plaintiff" or "Ms. Street"), a resident of Virginia, brings this action against Defendants Wylie Funeral Home, P.A.; Wylie Funeral Home, P.A. of Baltimore County (together, the "Funeral Home"); and Albert P. Wylie; Brandon M. Wylie; Devin B. Conner; and Tuverla T. Livingston (collectively, the "individual Defendants") alleging that they buried the body of her late husband Ivan T. Street ("Mr. Street") instead of cremating his remains as they were contractually obligated to do. Plaintiff further alleges that Defendants lied to her by representing that Mr. Street's body *had* been cremated, produced to her a funerary urn that purportedly contained the remains of Mr. Street, and hosted a memorial service in Mr. Street's honor at which they displayed that empty funerary urn. Plaintiff's Complaint raises the following claims: breach of contract (Count One); negligence (Count Two); gross negligence (Count Three); malicious fraud (Count Four); misrepresentation (Count Five); unfair or deceptive practices in violation of the Maryland Consumer Protection Act ("MCPA"), Md Code Ann., Com. Law, § 13-301, *et seq*. (Count

Six); and intentional infliction of emotional distress (Count Seven). She seeks over $8 million in compensatory and punitive damages. The jurisdiction of this Court is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332. Presently pending is the Defendants' Motion to Dismiss for Failure to State a Claim. (ECF No. 5.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, the Defendants' Motion to Dismiss (ECF No. 5) is GRANTED IN PART AND DENIED IN PART. Specifically, it is GRANTED with respect to all claims against Defendant Livingston, which shall be DISMISSED WITH PREJUDICE. It is also GRANTED with respect to Plaintiff's breach of contract claims against the individual Defendants but DENIED with respect to the breach of contract claim against the Funeral Home. The Defendants' Motion is DENIED with respect to Plaintiff's claims for negligence, gross negligence, unfair or deceptive practices, and intentional infliction of emotional distress against Conner, Albert Wylie, Brandon Wylie, and the Funeral Home. Finally, the Defendants' Motion is GRANTED with respect to Plaintiffs' fraud and misrepresentation claims against Albert Wylie and Brandon Wylie and DENIED with respect to the fraud and misrepresentation claims against Conner and the Funeral Home.

      This case shall proceed as to Plaintiff's breach of contract claim (Count One) against the Funeral Home; negligence (Count Two) and gross negligence (Count Three) claims against Conner, Albert Wylie, Brandon Wylie, and the Funeral Home; fraud (Count Four) and misrepresentation (Count Five) claims against Conner and the Funeral Home; unfair or deceptive practices claim (Count Six) against Conner, Albert Wylie, Brandon Wylie, and the

Funeral Home; and intentional infliction of emotional distress (Count Seven) claim against Conner, Albert Wylie, Brandon Wylie, and the Funeral Home.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Plaintiff Demetra Street is the widow of Ivan Tyrone Street. (Compl., ECF No. 1 ¶ 12.[1]) She is a resident of Virginia. Defendant Wylie Funeral Home, P.A. ("Mount Street Home") is a Maryland professional corporation with its principal office located in Baltimore, Maryland. (¶2.) Defendant Wylie Funeral Home, P.A. of Baltimore County ("Randallstown Home") is a Maryland professional corporation with is principal office located in Baltimore, Maryland. (¶3.) Mount Street Home and Randallstown Home operate as one enterprise with two business locations and hold themselves out to the public as a single business entity (the "Funeral Home"). (¶4.) Defendant Albert P. Wylie is a Maryland citizen who is the founder, owner, and principal of the Funeral Home. (¶5.) Defendant Brandon M. Wylie is a Maryland citizen and a co-owner of the Funeral Home. (¶6.) Defendant Devin B. Conner is a Maryland citizen and, at all relevant times, was an employee of the Funeral Home. (¶ 7.) Defendant Tuverla Livingston is a Maryland citizen and, at all relevant times, was an employee of the Funeral Home. (¶8.)

---

[1] Unless otherwise stated, all citations in the Background section of this Memorandum Opinion refer to Plaintiff's Complaint (ECF No. 1).

3

Ms. Street married her late husband on April 22, 2016. (¶ 27.) On January 9, 2021, Mr. Street died of congestive heart failure. (¶ 18.) His body was taken to the Mount Street Home for funeral arrangements. (*Id.*) Mr. Street's cousin Rita Jeffers supplied relevant personal information about Mr. Street to Defendants Livingston and Conner for the purposes of making funeral arrangements. Jeffers informed Conner that Mr. Street was married to Ms. Street and provided Conner with her telephone number. (¶ 21.) Conner later called Plaintiff to inform her that Mr. Street had passed away.[2] (*Id.*) He requested that she come to the Mount Street Home to identify the body.

On January 13, 2021, Plaintiff met with Livingston and Conner, identified Mr. Street's body, and authorized a direct cremation. (¶ 22.) She provided Livingston and Conner with her gold-sealed official marriage certificate confirming her marriage to Mr. Street. Plaintiff executed a contract with the Funeral Home for Mr. Street's direct cremation and memorial service at a price of $2,500.[3] (¶ 23.) Plaintiff provided Conner and Livingston with a $650 voucher request to the Maryland Department of Human Resources for burial assistance. (*Id.*) Under the terms of the contract, Plaintiff and Mr. Street's family members were required to pay the Funeral Home the remaining $1,850 for Mr. Street's funeral goods and services. (*Id.*) Shortly thereafter, a woman who identified herself as Renee Cook went to the Mount Street Home and claimed to be Mr. Street's spouse. (¶ 24.) Cook provided an "unsealed marriage license dated October 24, 1997." (¶ 25.) Conner called Plaintiff to inform

---

[2] Plaintiff does not explain why she did not learn of her husband's death before Defendant Conner contacted her.
[3] Plaintiff has not attached the contract to her Complaint, nor have the Defendants submitted it as an exhibit to their Motion to Dismiss.

4

her that Cook identified herself as Mr. Street's spouse and that Cook insisted that Mr. Street's remains be buried. Plaintiff reaffirmed that she was Mr. Street's widow and informed Conner that Cook had no authority to make changes to Mr. Street's funeral arrangements. (¶ 25.)

At some time between January 14, 2021 and January 21, 2021, Plaintiff called the Funeral Home and attempted to speak with Conner for the purpose of discussing Mr. Street's memorial service. (¶ 28.) The Funeral Home's receptionist directed Plaintiff's call to a man who identified himself only as "Mr. Wylie." (*Id.*) Mr. Wylie indicated that the Funeral Home would follow Cook's instruction and bury Mr. Street's body. (*Id.*) Mr. Wylie taunted Plaintiff, insinuating that there was nothing she could do to stop the Funeral Home from going forward against her wishes. (*Id.*) On January 22, 2021, Conner called Plaintiff to inform her that the Funeral Home had instead rejected Cook's instructions and would conduct the planned memorial service on January 23, 2021. (¶ 29.) At the time Conner made these statements, Mr. Street had in fact already been buried.

When the time came for the memorial service, the Funeral Home produced to Plaintiff a funerary urn purportedly containing Mr. Street's remains. (¶ 33.) The Funeral Home refused to allow Plaintiff to see the urn after the memorial service. On January 25, 2021, Conner sent Plaintiff an email that referenced Mr. Street's "resting location at Mr. Zion Cemetery." (¶ 36.) Confused and alarmed, Plaintiff called the Funeral Home to discuss the email with Conner. Instead, Plaintiff was again directed to a man who identified himself as Mr. Wylie. Mr. Wylie informed Plaintiff that the Funeral Home had buried Mr. Street's body as he said it would.  Mr. Wylie then hung up the phone. (¶ 37.)

Plaintiff later learned that Conner reported to the Maryland Department of Health that Mr. Street's spouse was "unknown." (¶ 41.) She also learned that Mr. Street had been buried at Mt. Zion Cemetery in Baltimore on January 20, 2021, three days before the memorial service. (¶ 42.) Plaintiff has experienced severe emotional distress as a result of the Defendants' actions. She is prescribed mental health medication and suffers from insomnia and uncontrolled eating. (¶¶ 59, 60.) On August 4, 2021, Plaintiff filed suit in this Court. (ECF No.1.)

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at

555). A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

## ANALYSIS

### I. Breach of Contract (Count One)

Plaintiff's breach of contract claim against the Funeral Home will proceed. Her breach of contract claims against the individual Defendants, however, are subject to dismissal for failure to state a claim. In Maryland, the elements of a claim for breach of contract are "'contractual obligation, breach, and damages.'" *Parkway 1046, LLC v. U.S. Home Corp.*, 961 F.3d 301, 307 (4th Cir. 2020) (quoting *Kumar v. Dhanda*, 198 Md. App. 337, 344, 17 A.3d 744, 749 (2011)). Plaintiff alleges that she "contracted with the Funeral Home for Ivan's direct cremation and a memorial service at a price of $2,500." (ECF No. 1 ¶ 23.) She does not allege the existence of a contractual relationship between herself and any of the individual Defendants. Accordingly, Plaintiff's breach of contract claims against the individual Defendants are DISMISSED WITH PREJUDICE.

Defendants do not dispute the existence of a contractual obligation between Plaintiff and the Funeral Home. (Def. Reply, ECF No. 9 at 2.) Nor do they dispute that they buried Mr. Street's remains instead of cremating them as the contract instructed. Defendants likewise fail to dispute that Plaintiff suffered damages. Instead, they argue that Plaintiff has

admitted in her Complaint that she materially breached the contract between herself and the Funeral Home, thereby excusing the Funeral Home from performance. Under Maryland law, "[a] material breach by one party to a contract excuses the other party from performance." *Whiting-Turner Contr. Co. v. Capstone Dev. Corp.*, WDQ-12-3730, 2013 U.S. Dist. LEXIS 138636, 2013 WL 5423953, at *8 (D. Md. Sept. 26, 2013). "A breach is material 'if it affects the purpose of the contract in an important or vital way.' Whether a breach of contract is material is normally a question of fact, unless 'the issue is so clear that it may be decided as a matter of law.'" *Id.* (quoting *Barufaldi v. Ocean City, Chamber of Commerce, Inc.*, 196 Md. App. 1, 23, 7 A.3d 643, 656-57 (Md. Ct. Spec. App. 2010)). In this case, Plaintiff alleges that on January 13, 2021, she contracted with the Funeral Home for her late husband's cremation and memorial service at a price of $2,500. (ECF No. 1 ¶ 23.) She alleges that she provided the Funeral Home with a $650 voucher request to the Maryland Department of Human Resources for burial assistance and that the contract "committed Plaintiff and Ivan's family members to pay the Funeral Home the remaining $1,850 . . ." (*Id.*) Plaintiff makes no further allegations about any specific payments she did or did not make pursuant to the contract. Accordingly, at this stage of the case, Ms. Street has stated a plausible claim for breach of contract against the Funeral Home, but not against the individual defendants. The Defendants' Motion to Dismiss is therefore DENIED as to Plaintiff's breach of contract claim against the Funeral Home and is GRANTED as to the individual defendants. The breach of contract claim as to the individual defendants is DISMISSED WITH PREJUDICE.

**II.     Negligence and Gross Negligence (Counts Two and Three)**

Plaintiff's negligence and gross negligence claims against Defendant Livingston are subject to dismissal. Her negligence and gross negligence claims against the remaining Defendants will proceed. To establish negligence under Maryland law, a plaintiff must prove the following four elements: "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Lloyd v. Gen. Motors Corp.*, 397 Md. 108, 916 A.2d 257, 270-71 (Md. 2007) (citations omitted). Under Maryland law, gross negligence is viewed "as something *more* than simple negligence, and likely more akin to reckless conduct." *Barbre v. Pope*, 402 Md. 157, 187, 935 A.2d 699 (2007) (citing *Taylor v. Harford Cty. Dep't of Soc. Servs.*, 384 Md. 213, 229, 862 A.2d 1026 (2004)); *see also Devi v. Prince George's Cty.*, Civil Action No. DKC 16-3790, 2018 U.S. Dist. LEXIS 87892, at *14 (D. Md. May 24, 2018). Indeed,

> [g]ross negligence is "an intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another, and also implies a thoughtless disregard of the consequences without exertion of any effort to avoid them. Stated conversely, a wrongdoer is guilty of gross negligence or acts wantonly and willfully only when he inflicts injury intentionally or is so utterly indifferent to the rights of others that he acts as if such rights did not exist."

*Taylor*, 384 Md. 213 at 229.

**A.     Defendant Livingston**

Plaintiff alleges that on January 13, 2021, she met with Defendants Livingston and Conner, "identified Ivan's body, and authorized a direct cremation." (ECF No. 1 ¶ 22.) She also alleges that she "provided Livingston and Conner with her gold-sealed official marriage

certificate confirming her marriage to Ivan." (*Id.*) Those two statements contain the entirety of Plaintiff's allegations as to Defendant Livingston. Plaintiff does not allege that Defendant Livingston herself breached any duty. Nor does Plaintiff identify any of Livingston's actions that caused her injury. Accordingly, Plaintiff's negligence and gross negligence claims against Defendant Livingston are DISMISSED WITH PREJUDICE.

**B.     Defendant Conner**

Plaintiff has adequately pled claims against Defendant Conner for negligence and gross negligence. Plaintiff alleges that once she entered into the contract with the Funeral Home, Conner owed her a duty to care for Mr. Street's remains. *See, e.g.*, *Snyder v. Holy Cross Hosp.*, 30 Md. App. 317, 329, 352 A.2d 334, 341 (1976) ("The Courts hold that the surviving husband or wife or next of kin have a *quasi* property right in the body in the absence of testamentary disposition. The right is not a property right in the general meaning of property right, but is extended for the purpose of determining who shall have the custody of the body in preparing it for burial."); *Walser v. Resthaven Mem'l Gardens*, 98 Md. App. 371, 383, 633 A.2d 466, 471 (1993) (citing Restatement (Second) of Torts, § 868) ("One who intentionally, recklessly or negligently removes, withholds, mutilates or operates upon the body of a dead person or prevents its proper interment or cremation is subject to liability to a member of the family of the deceased who is entitled to the disposition of the body.").

She has further alleged that Conner breached that duty when on January 22, 2021, he called her to inform her that the Defendants had rejected Cook's instructions and would instead conduct the planned memorial service even though he knew that Mr. Street's body had already been buried and was never cremated. (ECF No. 1 ¶ 29.) Plaintiff has alleged that

she has suffered severe emotional injury because of the treatment of her late husband's remains in contravention of her wishes and Conner's subsequent misrepresentations about that treatment. Moreover, Plaintiff's allegations satisfy the requirements to state a claim for gross negligence because she asserts that Conner willfully inflicted injury upon her when he allowed the memorial service to go forward even though he knew that Mr. Street's remains were not in the funerary urn but had instead been buried. Accordingly, Plaintiff's negligence and gross negligence claims against Conner shall proceed.

### C.  The Remaining Defendants

Similarly, Plaintiff has adequately pled negligence and gross negligence claims against the Funeral Home, Albert Wylie, and Brandon Wylie.[4] The Defendants argue that Plaintiff has not specified which Wylie Defendant spoke with her on the phone and indicated that he would follow Cook's instructions to bury Mr. Street's remains in violation of the terms of the Funeral Home's contract with Plaintiff. The Defendants also contend that Plaintiff has not identified which Wylie Defendant allegedly admitted to having buried Mr. Street's remains and then taunted Plaintiff about the situation. Simply put, this argument is meritless. Plaintiff alleges that both Albert Wylie and Brandon Wylie are owners of the Funeral Home. She alleges that during both telephone calls at issue, the speaker identified himself only as

---

[4] The Defendants argue that Plaintiff has failed to state claims for negligence and gross negligence against the Funeral Home because those claims are "based on respondeat superior" and because "Plaintiff did [sic] identify any conduct or representations from the Funeral Home, beyond those associated with the Individual Defendants, sufficient to establish that the Funeral Home was negligent." (ECF No. 5-1 at 9.) This argument is meritless. It is well established that "an employee committing a tort within the scope of his employment can be held jointly and severally liable with the employer." *Greene v. Harris Corp.*, No. MJG-13-190, 2013 U.S. Dist. LEXIS 103286, at *18-19 (D. Md. July 24, 2013) (citing *Tedrow v. Deskin*, 265 Md. 546, 290 A.2d 799, 802 (1972)). Here, Plaintiff has alleged that Funeral Home employees Conner, Brandon Wylie, and Albert Wylie breached their duty to care for Mr. Street's remains and in doing so caused Plaintiff severe emotional injury. In addition, Plaintiff has alleged that those Defendants acted willfully by lying to her and then taunting her.

11

"Mr. Wylie." (ECF No. 1 ¶¶ 28, 37.) At the pleading stage, Plaintiff has adequately stated claims against both Albert and Brandon Wylie as well as the Funeral Home.

### III.     Fraud and Misrepresentation (Counts Four and Five)

Plaintiff's fraud and misrepresentation claims against Defendants Livingston, Albert Wylie, and Brandon Wylie fail, but her claims against Conner and the Funeral Home will proceed. As Judge Hollander of this Court has recently summarized,

> "In Maryland, the terms 'fraud' . . . and 'intentional misrepresentation'[] are often used interchangeably, and the elements necessary to establish intentional misrepresentation are identical to those required for fraud." *Simms v. Mut. Benefit Ins. Co.*, 137 F. App'x 594, 600 (4th Cir. 2005) (alterations added); *see B.N. v. K.K.*, 312 Md. 135, 149, 538 A.2d 1175, 1182 (1988) (referring to the tort "variously known as fraud, deceit, or intentional misrepresentation"); *see also In re Reecher*, 514 B.R. 136, 155 (Bankr. D. Md. 2014) (stating that "intentional misrepresentation" is "also known in Maryland simply as fraud or deceit") . . .
>
> To state a claim for intentional misrepresentation, a plaintiff must plausibly allege: "(1) that the defendant made a false representation to the plaintiff, (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth, (3) that the misrepresentation was made for the purpose of defrauding the plaintiff, (4) that the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation." *Nails v. S & R, Inc.*, 334 Md. 398, 415, 639 A.2d 660, 668 (1994); *see Thomas v. Nadel*, 427 Md. 441, 451 n.18, 48 A.3d 276, 282 n.18 (2012); *Gourdine v. Crews*, 405 Md. 722, 758, 955 A.2d 769, 791 (2008); *Sass v. Andrew*, 152 Md. App. 406, 429, 832 A.2d 247, 260 (2003).

*SumCo Eco-Contracting, LLC v. Ellicott Dredges, LLC*, Civil Action No. ELH-20-2930, 2021 U.S. Dist. LEXIS 120049, at *39-40 (D. Md. June 28, 2021). "In all averments of fraud . . ., the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P 9(b). Rule 9(b) essentially requires plaintiffs to plead specific allegations with regard to "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse*

12

*Savannah River Co.,* 176 F.3d 776, 784 (4th Cir. 1999). A failure to comply with this rule is treated as a failure to state a claim under Rule 12(b)(6). *See Harrison,* 176 F.3d at 783 n.5.

### A. Defendants Livingston, Albert Wylie, and Brandon Wylie

Plaintiff has identified no specific false representation made by Defendants Livingston, Albert Wylie, and Brandon Wylie. Accordingly, Plaintiff's claims for fraud and misrepresentation against those Defendants are DISMISSED WITH PREJUDICE.

### B. Remaining Defendants

Plaintiff has sufficiently alleged that Defendant Conner, acting within the scope of his employment at the Funeral Home, called her and informed her that the Funeral Home had rejected Cook's direction to bury Mr. Street's remains even though he knew that the Funeral home had in fact already buried Mr. Street's remains. She has sufficiently alleged that Conner made this misrepresentation for the purpose of defrauding her into believing that the Funeral Home had complied with her wishes and the terms of the contract. Plaintiff alleges that she relied on the misrepresentation when she went forward with the memorial service, at which the Funeral Home produced a funerary urn that purportedly contained the remains of Mr. Street. Finally, Plaintiff has alleged that she has suffered severe emotional distress as a result of Conner's and the Funeral Home's misrepresentations. Accordingly, Plaintiff's claims for fraud and misrepresentation will proceed as to Conner and the Funeral Home.

## IV. Maryland Consumer Protection Act (Count Six)

Plaintiff's Maryland Consumer Protection Act claims against Defendant Livingston fail as a matter of law. Her MCPA claims against the remaining Defendants, however, shall proceed. The MCPA prohibits "unfair or deceptive trade practices." *See* Md. Code Ann.,

13

Com. Law § 13-301. Plaintiffs bringing claims under the MCPA must allege: "(1) an unfair or deceptive practice or misrepresentation that is (2) relied upon, and (3) causes them actual injury." *Galante v. Ocwen Loan Servicing, LLC*, No. ELH-13-1939, 2014 U.S. Dist. LEXIS 98049, 2014 WL 3616354, at *25 (D. Md. July 18, 2014) (citations omitted). Where a plaintiff claims unfair or deceptive trade practices under the MCPA, the allegations in the complaint "[are] subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b), which requires a plaintiff to plead with particularity the circumstances constituting fraud." *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 781 (4th Cir. 2013) (citing *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)). The MCPA authorizes an action for damages "to recover for injury or loss sustained . . . as the result of a practice prohibited by this title." Md. Code Ann., Com. Law § 13-408. As Judge Williams of this Court has held, an individual who voluntarily and intentionally causes a corporation to act in violation of the MCPA can be personally liable for those statutory violations. *Fontell v. Hassett*, 891 F. Supp. 2d 739, 742-43 (D. Md. 2012).

In this case, Plaintiff has not alleged that Defendant Livingston caused the Funeral Home to engage in any unfair or deceptive practice or misrepresentation. Accordingly, Plaintiff's MCPA claim against Defendant Livingston is DISMISSED WITH PREJUDICE. Plaintiff has, however, sufficiently alleged that Conner and the Wylie Defendants[5] intentionally caused the Funeral Home to make misrepresentations about the treatment of Mr. Street's remains upon which Plaintiff relied in going forward with a memorial service.

---

[5] Plaintiff has alleged that Albert and Brandon Wylie and principals and owners of the Funeral Home. At this stage, those allegations are sufficient to establish their control over the business.

She has also alleged that she suffered severe emotional distress when she learned of the misrepresentations. The Defendants have provided no case law support of the proposition that funeral homes are exempt from the MCPA.[6] Accordingly, Plaintiff's MCPA claims against the Funeral Home, Conner, Albert Wylie, and Brandon Wylie will go forward.

## V.     Intentional Infliction of Emotional Distress (Count Seven)

Plaintiff's claim against Defendant Livingston for intentional infliction of emotional distress is subject to dismissal. Her claims against the remaining Defendants shall proceed. Under Maryland law, a plaintiff asserting a claim for intentional infliction of emotional distress must allege facts showing that: (1) the conduct at issue was intentional or reckless; (2) the conduct was extreme and outrageous; (3) there was a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress was severe. *Manikhi v. Mass Transit Admin.*, 360 Md. 333, 758 A.2d 95, 113 (Md. 2000). In this case, Plaintiff has alleged that Conner, while acting within this scope of his employment at the Funeral Home, intentionally lied to her and told her that the Funeral Home would not bury Mr. Street's remains as Ms. Cook instructed, but would instead honor Plaintiff's wishes and the terms of the contract by cremating the remains and hosting a memorial service. Plaintiff alleges that the Funeral Home then hosted a memorial service at which it produced a funerary urn that purportedly contained Mr. Street's remains. Plaintiff alleges that one of the

---

[6] The Defendants argue that funeral homes are exempt from the MCPA, which does not apply to "the professional services of a . . . medical or dental practitioner." Md. Code Ann., Com. Law § 13-104. There is no authority that supports that argument. Moreover, the Defendants provide no support for the contention that *all* services provided by a funeral home constitute the professional services of a medical practitioner. Indeed, in her Complaint, Plaintiff has alleged that she was deceived by the Defendants at a sham memorial service, replete with an empty urn, programs designed by the Wylie Funeral Home Print Shop, and a framed portrait of Mr. Street. (ECF No. 1 ¶¶ 31-35.) There is no basis for this Court to conclude that the practices underlying Plaintiff's MCPA claims relate to any medical expertise.

Wylie Defendants later informed her that Mr. Street's remains had in fact been buried before the memorial service. Plaintiff also claims that one of the Wylie Defendants sarcastically rebuffed her when she expressed her shock and confusion at the situation. This Court is satisfied that the conduct Plaintiff has alleged is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Harris v. Jones*, 281 Md. 560, 567, 380 A.2d 611, 614 (1977).

In addition, Plaintiff has alleged that the Defendants' conduct has caused her severe emotional distress such that she has been prescribed medication to treat her depression, panic attacks, post-traumatic stress disorder, and social anxiety disorder. She also alleges that she suffers from insomnia and uncontrolled eating as a result of Defendants' conduct. Accordingly, Plaintiff's intentional infliction of emotional distress claims against Defendants Conner, Albert Wylie, Brandon Wylie, and the Funeral Home shall proceed.[7]

## CONCLUSION

For the reasons stated above, the Defendants' Motion to Dismiss (ECF No. 5) is GRANTED IN PART AND DENIED IN PART. Specifically, it is GRANTED with respect to all claims against Defendant Livingston, which shall be DISMISSED WITH PREJUDICE. It is also GRANTED with respect to Plaintiff's breach of contract claims against the individual Defendants but DENIED with respect to the breach of contract claim against the Funeral Home. The Defendants' Motion is DENIED with respect to Plaintiff's

---

[7] Plaintiff has identified no intentional or reckless conduct on the part of Defendant Livingston. Accordingly, her intentional infliction of emotional distress claim against Defendant Livingston is DISMISSED WITH PREJUDICE.

claims for negligence, gross negligence, unfair or deceptive practices, and intentional infliction of emotional distress against Conner, Albert Wylie, Brandon Wylie, and the Funeral Home. Finally, the Defendants' Motion is GRANTED with respect to Plaintiffs' fraud and misrepresentation claims against Albert Wylie and Brandon Wylie and DENIED with respect to the fraud and misrepresentation claims against Conner and the Funeral Home.

A separate Order follows.

Dated: June 28, 2022

_____/s/_____

Richard D. Bennett
United States District Judge